Honorable Franklin D Burgess



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODERICK C MANN,<br><br>Plaintiff,<br><br>v<br><br>AMERICAN AIRLINES,<br><br>Defendant | Case No C00-5641-FDB<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff's action must be dismissed because he admittedly did not serve his complaint within the 120-day period required by Rule 4 of the Federal Rules of Civil Procedure Moreover, by the time Plaintiff moved this Court *ex parte* (despite Plaintiff's admitted knowledge of the identity of Defendant's registered agent for service of process)[1] for an extension to serve his complaint on April 18, 2001, Plaintiff's claim was time-barred because the statute of limitations had already expired, *at a minimum*, 49 days earlier

As previously briefed and discussed below, several courts have held that the statute of

---

[1] *See* Plaintiff's Declaration in Support of Ex Parte Order for Extension of Time to Serve Summons and Complaint ("Plaintiff's Declaration"), ¶ 6

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX 206 447 4965



CV 00-05641 #00000019

19

limitations is tolled when a complaint is filed [2] Thus, at a minimum, consistent with *Amnay* and *Ocasio*, the statute was tolled when Plaintiff filed his complaint on October 30, 2000, the 89th day after receipt of the EEOC's right to sue letter, and then commenced again on February 28, 2001, after Plaintiff's 120 days to serve expired  Under *Amnay* and *Ocasio* the statute of limitations expired on February 28, 2001, and Plaintiff's April 18, 2001 *ex parte* request for an extension was therefore filed 49 days after the statute of limitations expired

There is a split in the law on this issue and, indeed, other courts have taken a more conservative approach and held that the 90-day statute of limitations is *not* tolled at all upon filing a complaint  *Wilson v Grumman Ohio Corp.*, 815 F 2d 26, 27 (6th Cir 1987) ("we hold that the filing of the original [Title VII] complaint did not toll the ninety day period at all, [plaintiff] had neither three days nor ninety days to refile after dismissal  she was already out of time")  Consistent with *Grumman Ohio Corp*, therefore, the statute of limitations in this case expired on October 31, 2000, 90 days after Plaintiff's receipt of the EEOC's right to sue letter  Thus, under *Grumman*, at the time Plaintiff moved this Court *ex parte* for an extension on April 18, 2001, the statute of limitations had expired *169 days* earlier  Of course, it is irrelevant whether the statute of limitations expired 49 days or 169 days earlier because if Plaintiff missed by even one day, his claim is time-barred  *Scholar v Pacific Bell*, 963 F 2d 264 (9th Cir 1992) (affirming dismissal of action filed 93 days after receipt of EEOC letter and, therefore, 3 days after statute of limitations expired)

Accordingly, there is no precedent, statute or rule that can revive Plaintiff's time-barred claim  While a court has discretion to permit *service of a complaint* after the 120-day period set forth in Rule 4(m), a court has no discretion to allow a plaintiff to bring an Americans with Disabilities Act ("ADA") claim *after expiration of the 90-day deadline* established in 42 U S C § 2000e-5(f)(1)  *Grumman Ohio Corp*, *supra*, 815 F 2d at 28 ("neither the district court nor this court has the power to extend the statutory period")

---

[2] *Amnay v Del Labs*, 117 F Supp 2d 283, 287 (E D N Y 2000), *Ocasio v Fashion Inst of Tech*, 86 F Supp 2d 371, 375 (S D N Y 2000)

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 2
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

Thus, as demonstrated below, and in the prior briefing of Defendant American Airlines ("Defendant" or "American"), neither applicable law, the facts of this case, nor the doctrine of equitable tolling permits the resuscitation of Plaintiff's legally moribund action and, as a result, it should be dismissed with prejudice

### PLAINTIFF FAILED TO COMPLY WITH THE 90-DAY STATUTE OF LIMITATIONS FOR FILING HIS COMPLAINT AND HIS CASE MUST BE DISMISSED

The requirement to file a civil action within 90 days of receiving an EEOC right to sue letter is in every sense a statute of limitations *Pacific Bell, supra*, 963 F 2d at 267 (additional citation omitted), *see* 42 U S C § 2000e-5(f)  This limitations period applies to claims brought under the ADA  *See* 42 U S C § 12117(a) (incorporating Title VII enforcement procedures into ADA), *Zillyette v Capital One Financial Corp*, 179 F 3d 1337 (11th Cir 1999) (it is settled law under the ADA that plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964)  If a plaintiff fails to file an ADA action within the 90-day period, the Plaintiff's claims are time-barred  *See Zillyette, supra* (affirming dismissal of ADA claim filed 98 days after receipt of EEOC right to sue letter), *Edwards v Occidental Chemical Corp*, 892 F 2d 1442, 1445 (9th Cir 1990) (filing period is a statute of limitations)  The introduction of the 120-day service of process deadline in Fed R Civ P 4(m) provides no relief from this filing deadline

When the Plaintiff timely files an ADA claim, as discussed, some courts have held that any remaining portion of the allotted 90 days is tolled  *See Amnay, supra,* 117 F Supp 2d at 287 (tolling upon filing of complaint), *Ocasio, supra*, 86 F Supp 2d at 375 (same)  *But see Grumman Ohio Corp , supra*, (filing of Title VII complaint does not toll 90-day period)  Where courts recognize tolling, the tolled portion of the 90-day period becomes significant later on if  (a) Plaintiff's claim is dismissed without prejudice, or (b) Plaintiff fails to *serve* the complaint within 120 days  In the case of failure to serve, courts recognizing tolling have held that whatever portion of the 90 days was left

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 3
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE  206 623 3300
FAX    206 447 4965

at the time Plaintiff filed his action, begins to run on the 121st day after the complaint was filed. *Amnay*, 117 F Supp 2d at 287. If the remainder of the original 90 days expires before (1) Plaintiff obtains an extension of time to serve from the court, or (2) Plaintiff files a new Original Complaint, the ADA claim is untimely and must be dismissed. *Id. This is precisely what occurred in the instant case.*

As a result, Plaintiff's claim under the ADA had legally expired, *at a minimum*, 49 days earlier. The fact that Plaintiff sought and obtained an *ex parte* order granting an extension of time in which to serve his time-barred complaint is legally irrelevant. On April 18, 2001, when Plaintiff finally moved this Court for additional time in which to serve his complaint, *the claim had been time-barred for either 49 days* (in accordance with *Amnay* and *Ocasio*), *or 169 days* (in accordance with *Grumman*).

In a case directly on point, *Amnay, supra,* a *pro se* plaintiff filed a Title VII complaint within 90 days of receipt of an EEOC right to sue letter, but failed to serve the complaint within the 120 days required by Fed. R Civ P 4(m). Exactly like Plaintiff in the present case, the plaintiff in *Amnay* tried to serve his complaint after the 90-day statute of limitations had expired.[3] The *Amnay* court denied the request, stating "[w]hile this Court would be inclined to relieve the consequences of the Plaintiff's failure to comply with Rule 4(m), it appears such relief would nevertheless be moot [b]ecause *the Plaintiff's claims are now untimely [and] granting the Plaintiff an extension of time to attempt to serve Defendants would be futile.*" 117 F Supp 2d at 287 (italics added). As in *Amnay*, Plaintiff's request for an extension of time under Rule 4(m) was futile because at the time of

---

[3] Plaintiff's representation to this Court that the plaintiffs in *Amnay* and *Ocasio* did not move for an extension of time to serve is completely unsupported by any language in the decisions and in any event, is irrelevant. In fact, both courts considered and denied granting extensions pursuant to Fed R Civ P 4. *Amnay*, 117 F Supp 2d at 287 ("Because the Plaintiff's claims are now untimely, granting the Plaintiff an extension of time to attempt to serve Defendants would be futile."), *Ocasio*, 86 F Supp 2d at 377 ("Plaintiff offered no explanation that would have entitled him to an extension of time in which to serve defendants."). Plaintiff would apparently have this Court believe that the treatment by the courts of Fed R Civ P 4 in *Amnay* and *Ocasio* was entirely gratuitous. Defendant respectfully disagrees. Moreover, as *Amnay* held, even had the plaintiff requested an extension it would have been in vain because the statute of limitations expired. Plaintiff shares the same fate

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 4
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

1 Plaintiff's motion the statute of limitations had long since expired

2 A similar result occurred in *Grumman Ohio Corp*, *supra*, where plaintiff timely filed her Title VII complaint within 90 days of receipt of the EEOC's right to sue letter but failed to serve the complaint within 120 days as required by Fed R Civ P 4  In that case, the district court dismissed the initial action without prejudice for failure to timely serve the complaint, and then dismissed plaintiff's subsequent action on the grounds that the statute of limitations had expired  The Sixth Circuit affirmed, holding that the initial action had *not* tolled the statute of limitations and, regardless, plaintiff's subsequent action was barred by the statute of limitations  In so holding, the Sixth Circuit expressly stated that: "neither the district court nor this court has the power to extend the statutory period " 815 F 2d at 28  Of course, the same rule applies here  Plaintiff failed to timely serve the complaint and by the time the Plaintiff sought an *ex parte* extension to serve the complaint the statute of limitations had expired  That statutory period cannot be extended and this case must be dismissed with prejudice

Nowhere in Plaintiff's *ex parte* Motion for Extension of Time to Serve did Plaintiff apprise this Court of the undisputed fact that the 90-day period in which to file an ADA claim *had expired at least 49 days earlier*  And, because Defendant did not have notice of the action, it was unable to provide this Court with the appropriate legal authority that governed Plaintiff's request  Indeed, Plaintiff professes under oath not to know whether his claim is untimely  See Plaintiff's Declaration, at ¶ 5 ("the case is potentially beyond the statute of limitations, if dismissed")  Accordingly, for this reason alone, Plaintiff's ADA claim must be dismissed with prejudice.[4]

**PLAINTIFF'S EX-PARTE MOTION FOR
AN EXTENSION TO SERVE HIS COMPLAINT OUT OF TIME
AFFIRMATIVELY MISLED THIS COURT AND PREJUDICED DEFENDANT**

On July 16, 2001, the date Plaintiff's opposition was due, Defendant learned from Plaintiff's

---

[4] Neither does the rarely used doctrine of equitable tolling provide a safe harbor for Plaintiff in this case  See, *infra,* at pages 8-9

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 5
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE  206 623 3300
FAX     206 447 4965

counsel *for the very first time* that Plaintiff had obtained an *ex parte* order from this Court dated May 8, 2001, extending Plaintiff's time to serve his complaint. For reasons not entirely clear to Defendant, Plaintiff attached to his July 16, 2001 opposition papers only this Court's May 8, 2001 Order but did *not* attach (1) this Court's March 27, 2001 Order to Show Cause, (2) Plaintiff's April 18, 2001 Response to Order to Show Cause Why Case Should Not Be Dismissed and Motion for Extension of Time for Service of Summons and Complaint, (3) Plaintiff's April 18, 2001 Brief in Support of Motion Allowing Extension of Time to Serve Summons and Complaint, and (4) Plaintiff's April 25, 2001 Independent Status Report.[5] Because Plaintiff did not attach these relevant documents to his pleadings, Defendant was required to obtain these documents independently. Now that Defendant has finally had the opportunity to review all of Plaintiff's *ex parte* pleadings, it is glaringly apparent that those documents contained representations that were, at best, disingenuous. Further, Plaintiff's election to raise these matters in *ex parte* fashion denied this Court the opportunity to consider a response from Defendant before ruling, an opportunity which would have placed the correct facts and law before this Court to assist it in reaching a decision. Simply put, Defendant respectfully suggests that this Court would not have granted Plaintiff's motion had there not been material omissions from his pleadings. Plaintiff's deliberate intent to hide material information from this Court, and to proceed *ex parte* despite full knowledge of Defendant's agent for service, should not be countenanced.

Plaintiff's April 17, 2001 Declaration, which was incorporated as part of Plaintiff's Response to Order to Show Cause, provides "if the Motion for Extension of Time is not granted, it is unlikely that I would be able to refile as the case is potentially beyond the statute of limitations, if dismissed." Plaintiff's Declaration, ¶ 5. The statute of limitations for filing an ADA claim is 90 days after receipt of an EEOC right to sue letter (indeed, it is expressly so stated in the right to sue letter itself)

---

[5] Plaintiff's April 25, 2001 "Independent Status Report" submitted in response to this Court's March 27, 2001 Order for a *Joint* Status Report is yet further evidence of Plaintiff's deliberate intent not to provide Defendant with relevant pleadings in order that Plaintiff might obtain *ex parte* relief from this Court

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 6
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

Even a cursory examination of the facts and applicable dates could leave no doubt that the statute had long since expired by April 17, 2001, at the latest, it expired (in accordance with the most liberal authority) on February 28, 2001 Plaintiff's sworn statement that "the case is potentially beyond the statute of limitations," made without any discernable reference to either rule book or calendar, affirmatively hid from this Court the fact that the statute had already expired

Moreover, Plaintiff's April 17, 2001 Declaration also provides that "I do not anticipate any significant delay in serving AMERICAN AIRLINES if the Court does allow such service at this time as AMERICAN AIRLINES has a registered agent locally upon whom service can be effectuated" Plaintiff's Declaration, ¶ 6  Thus, fully aware of both the existence and identity of Defendant's registered agent, Plaintiff deliberately elected not to serve Defendant, choosing rather to seek an extension on an *ex parte* basis  In so doing, Plaintiff denied Defendant, and ultimately this Court, the opportunity to consider binding legal precedent in connection with the facts of this case Accordingly, in view of Plaintiff's inappropriate action in misleading this Court, and deliberately doing so in such a way as to preclude any opposition, this action should be dismissed with prejudice [6]

### PLAINTIFF'S ALLEGATION THAT DEFENDANT HAS WITHDRAWN ITS PREJUDICE ARGUMENT IS ERRONEOUS

Plaintiff also speciously argues that, because the EEOC fortuitously located his file after

---

[6] Ignoring his own duplicity in proceeding *ex parte*, Plaintiff represents that this Court properly exercised its discretion in extending his time to serve pursuant to Fed R Civ P 4 *Plaintiff's Response to Defendant's Motion to Dismiss*, p 5  In so arguing, Plaintiff relies upon *Henderson v U S*, 517 U S  654 (1996) and *De Tie v Orange County*, 152 F 3d 1109 (9th Cir 1998) for the general proposition that a court has discretion to extend time to serve, even absent a showing of good cause  The cited case law, however, does *not* advance Plaintiff's case  The issue is not whether a court may grant an extension absent a showing of good cause, or even whether a court may grant such relief in appropriate circumstances where an applicable statute of limitations would bar the refiled action  Rather, the issue is whether such relief is appropriate in *this* case  The answer is, "No," because the statute of limitations had already expired at least *49 days* before the Plaintiff requested his extension  Binding legal precedent provides that under *these* facts, dismissal is the appropriate remedy

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 7
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA  98104
PHONE  206 623 3300
FAX      206 447 4965

1  initially stating that the file had been destroyed, Defendant has somehow withdrawn its prejudice
2  argument. Although the law does not require Defendant to demonstrate prejudice, for the reasons set
3  forth below it is obvious that Defendant has been prejudiced, and Defendant is not withdrawing its
4  argument.

5  First, regardless of whether the EEOC file surfaced, any requirement that American defend
6  itself against a claim in which the statute of limitations has expired is prejudice *per se*.

7  Second, Plaintiff's allegations of discrimination date back to 1992. Plaintiff received his
8  right to sue letter in July of 2000. Plaintiff did not serve his complaint within the 120 days provided
9  by Fed. R. Civ. P. 4 and, further, allowed the statute of limitations to expire. Thus, Plaintiff's
10 inattention and apathy has permitted yet another year to go by with respect to this 9 year-old claim.
11 With each passing day, witnesses relocate, forget what they knew, or become unavailable.
12 Defendant is inherently prejudiced in having to litigate this 9 year-old case even one day later than
13 necessary.

14 Third, while Plaintiff has not relied on the doctrine of equitable tolling, the doctrine is plainly
15 unavailable in any event. Although a statute of limitations is potentially subject to the doctrine of
16 equitable tolling, Plaintiff here cannot avail himself of this doctrine because equitable tolling (and
17 the consequent relief from the strict construction of a statute of limitations) is available only in
18 "*extreme* cases," and is "*applied sparingly.*" *Pacific Bell*, 963 F.2d at 268 (emphasis added);
19 *Grumman Ohio Corp.*, *supra*, 815 F.2d at 28 ("equitable tolling is not 'an escape valve through
20 which jurisdictional requirements will evaporate since the tolling of the statutory periods on
21 equitable grounds is usually very much restricted'") (citation omitted). Indeed, the facts of this case
22 show it to be anything but extreme, and render the doctrine inapplicable.

23 The Supreme Court has identified the following examples of cases in which equitable tolling
24 is warranted: (1) where the statute of limitations is not met because of excusable neglect, such as
25 filing papers in the wrong court or bringing a defective class action, (2) where a claimant is
26

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 8
SEATTLE 17629 1 009001 1235

JAMES G. ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

affirmatively misled or tricked by an adversary into letting a deadline expire, and (3) where the EEOC's notice of the statutory period is defective. *Id.* (citing *Irwin v. Veterans Admin.*, 498 U.S. 89 (1990), *Baldwin County Welcome Ctr. v. Brown*, 446 U.S. 147 (1984) (per curiam)). Importantly, in each of these examples, the statute had *not* expired at the time of the tolling event. Moreover, all of the foregoing examples are inapposite because: (1) this is not an "extreme case," but rather a straightforward failure to comply with statutory and procedural rules, and (2) the 90-day filing deadline had long since expired at the time relief was requested. Accordingly, equitable tolling is inapplicable here.

Moreover, the Supreme Court has made clear that the absence of prejudice is *not* an independent basis which would trigger equitable tolling, and does not support invocation of the equitable tolling doctrine unless the party first demonstrates that it meets the criteria established to render this rarely applied doctrine operative.

> Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply *once a factor that might justify such tolling is identified,* it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.

*Baldwin County Welcome Center,* 466 U.S. at 152 (emphasis added).

In other words, before Plaintiff may rely on some alleged absence of prejudice to revive his case, he must first establish that his is an "extreme case," falling within the limited exceptions provided by the Supreme Court in which variance from strict compliance with the statute of limitations is permitted. As convincingly demonstrated above, this case simply does *not* fall within the Supreme Court's notion of the exceptional case.

Fourth, the fact that the EEOC fortuitously located a file that should have been destroyed under EEOC's normal document retention policy (EEOC files are destroyed 6 months after final agency action, *see* Exhibit 2 to Defendant's Opening brief), is also not sufficient to defeat Defendant's motion. Loss of potentially exculpatory documentation is but one example of the type

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 9
SEATTLE 17629 1 009001 1235

JAMES G. ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

of prejudice Defendant will incur in defending against this extremely old claim. While the EEOC's file has now surfaced, Defendant simply has no way of knowing what other documents, witnesses, and evidence may be unrecoverable. Moreover, the rationale underlying statutes of limitations and their consistent enforcement is utterly unaffected by the operation of chance in this or any other case. For these further reasons, Defendant's motion should be granted and Plaintiff's complaint should be dismissed with prejudice.

### THE LAW REQUIRES PRO-SE PLAINTIFFS TO COMPLY WITH APPLICABLE STATUTES OF LIMITATIONS AND PROCEDURAL RULES

At the time that Plaintiff filed (and failed to serve) his original action he was appearing *pro se*. However, and significantly, statutes of limitation and the Federal Rules of Civil Procedure are neither waived nor suspended for *pro se* plaintiffs. On the contrary, numerous courts have dismissed cases brought by *pro se* plaintiffs under facts similar to the case at bar. For example, both *Ocasio*, 86 F Supp 2d 371, and *Amnay*, 117 F Supp 2d 283, involved *pro se* plaintiffs. See also *Williams-Guice v Board of Educ*, 45 F 3d 161, 164 (7th Cir 1995) (plaintiff's *pro se* status does not shield him from the effects of his own negligence or apathy).

Indeed, the Supreme Court, in dismissing a *pro se* plaintiff's Title VII action for failing to file a complaint within 90 days of receipt of the EEOC's right to sue letter, stated " procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants," because "'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law '" *Baldwin County Welcome Center, supra*, 466 U S at 152 (*quoting Mohasco Corp v Silver*, 447 U S 807, 826 (1980)) If the rules are not enforced uniformly, *pro se* plaintiffs, or counsel who are waiting in the wings to come into a case and represent them, could grant themselves unlimited extensions of statutory deadlines and blithely bypass federal procedural rules. Courts, including the Supreme Court, recognizing the havoc and

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 10
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX    206 447 4965

injustice such precedent would create, have resisted the temptation to create a *pro se* exception to statutory deadlines and procedural rules  See e g , *Baldwin County Welcome Center, Ocasio, Amnay, supra*  Accordingly, Defendant respectfully urges the Court to grant Defendant's motion and dismiss Plaintiff's complaint with prejudice

## CONCLUSION

Based on the foregoing, and for the reasons previously briefed, Defendant American Airlines respectfully moves this Court to dismiss Plaintiff's Original and First Amended Complaints with prejudice for failure to file suit within the statutory deadline

Dated  July 19, 2001

                                           LITTLER MENDELSON, P C

                                           By _____
                                                 Robert K. Carrol, WSBA # 28150
                                                 James G  Zissler, WSBA #30287
                                                 Attorneys for Defendant

DEF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - 11
SEATTLE 17629 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA  98104
PHONE  206 623 3300
FAX     206 447 4965

Honorable Franklin D Burgess

*[FILED / RECEIVED / LODGED stamp: JUL 19 2001, Western District of Washington at Tacoma]*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODERICK C MANN, | Case No C00-5641-FDB |
| Plaintiff, | |
| v | **CERTIFICATE OF SERVICE** |
| AMERICAN AIRLINES, | |
| Defendant | |

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action My business address is 999 Third Avenue, Suite 3900, Seattle, WA 98104 On July 19, 2001, I served the within document(s)

**REPLY IN SUPPORT OF MOTION TO DISMISS; CERTIFICATE OF SERVICE**

☐ by facsimile transmission at or about _____ on that date  The transmission was reported as complete and without error  A copy of the transmission report, properly issued by the transmitting machine, is attached  The names and facsimile numbers of the person(s) served are as set forth below

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Seattle, Washington addressed as set forth below

---

Certificate of Service - 1

SEATTLE 17623 1 009001 1235

ORIGINAL

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA 98104
PHONE 206 623 3300
FAX   206 447 4965

| | | |
|---|---|---|
|1| ☐ | by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below |
|2| | |
|3| ☒ | by delivering copies of the documents listed above into the hands of a messenger service with the instructions to deliver on this date said documents to the person at the address set forth below |

5   Douglas R Cloud, Attorney
    901 South "I" Street, Suite 101
6   Tacoma WA  98405

7   I am readily familiar with the firm's practice of collecting and processing correspondence for mailing and for delivery via messenger service   Under that practice, it would be deposited with the U S Postal Service or, if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business

I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct   Executed on July 19, 2001, at Seattle, Washington

*Lisa Hoveland* (signature)
Lisa Hoveland

Certificate of Service - 2

SEATTLE 17623 1 009001 1235

JAMES G ZISSLER, WSBA #30287
LITTLER MENDELSON, PC
999 THIRD AVENUE, SUITE 3900
SEATTLE, WA  98104
PHONE  206 623 3300
FAX      206 447 4965